IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SEMERE GHEREZGIHER,<br><br>　　　　　　　Petitioner,<br><br>　　v.<br><br>KRISTI NOEM, in their official capacity as Secretary of the United States Department of Homeland Security;  PAMELA BONDI, in their official capacity as Attorney General of the United States; TODD M. LYONS, in their official capacity as Acting Director of Immigration and Customs Enforcement; DAVID EASTERWOOD, in their official capacity as St. Paul Acting Field Office Director for Enforcement and Removal Operations; WARDEN OF THE MCCOOK DETENTION CENTER, in their official capacity,<br><br>　　　　　　　Respondents. | 4:26CV3030<br><br><br>MEMORANDUM<br>AND ORDER |

　　　　This matter is before the Court on petitioner Semere Gherezgiher's ("Gherezgiher") Motion for Order to Show Cause (Filing No. 5) why his Petition for Writ of Habeas Corpus (Filing No. 1) pursuant to 28 U.S.C. § 2241 should not be granted.  Gherezgiher is a citizen of Eritrea who fled in 2016 "to avoid forced military conscription and hostile and unsafe living environments under a thirty-four year-long dictatorship."[1]  Since leaving Eritrea, he has resided in "Ethiopia, Sudan, Germany, Brazil, Peru, Ecuador, Columbia, Panama, Costa Rica, Nicaragua, Honduras, Guatemala, and Mexico."

　　　　He entered the United States in 2022 and was placed in removal proceedings.  After a hearing, an immigration judge ("IJ") denied Gherezgiher's application for asylum but did

---

[1] Unless otherwise noted, the facts are drawn from Gherezgiher's petition.

withhold his "removal to Eritrea based on his fear and likelihood of facing persecution and torture if removed to his country of birth." The IJ ordered him removed to Germany.

Though he has reportedly complied "with all attempts to facilitate [his] removal," Gherezgiher remains in custody. He is currently detained at the McCook Detention Center in McCook, Nebraska ("MDC"). He states his "detention became unconstitutional six months after the removal order in his case because removal is not reasonably foreseeable." *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) (concluding "that, once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute").

In his motion, Gherezgiher asks the Court to order respondents Kristi Noem, Secretary of the United States Department of Homeland Security; Pamela Bondi, Attorney General of the United States; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; David Easterwood, St. Paul Acting Field Office Director for Enforcement and Removal Operations; and the Warden of the MDC (the "warden" and collectively, "respondents") to show cause why he should not immediately be released. *See* 28 U.S.C. § 2243. Summons have issued for the respondents (Filing No. 4) but to date, none have been returned as executed.

Section 2243 requires the Court to "forthwith award the writ" or order "the respondent show cause why the writ should not be granted unless it appears from the application that [Gherezgiher] is not entitled" to relief. The statute further requires that the show-cause order (1) "be directed to the person having custody of the person detained" and (2) "be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed." *See id.*

Upon initial review, the Court cannot say on this record that Gherezgiher "is not entitled" to relief. *See id.* Accordingly, the Court will order the warden to show cause why Gherezgiher's petition should not be granted. *See Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (explaining that "in habeas challenges to present physical confinement[,] . . . the

2

default rule is that the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official").

Given the nature of Gherezgiher's claim and complexity of the issues presented, the Court finds good cause for giving him more than the usual three days to respond. That complexity and the important removal issue Gherezgiher raises warrants giving notice to the United States Attorney for the District of Nebraska so she can protect the federal respondents' interests in this matter.

For the foregoing reasons,

IT IS ORDERED:

1. The Clerk of the Court shall, before docketing this order, add Assistant United States Attorneys Christopher L. Ferretti and Eric W. Synowicki as counsel for the federal respondents and shall, after doing so, regenerate the filing for the petition.
2. Petitioner Semere Gherezgiher shall serve his petition for writ of habeas corpus (Filing No. 1), his motion (Filing No. 5), and a copy of this Memorandum and Order on the Warden of the McCook Detention Facility and file proof of such service with the Court.
3. The warden shall show cause withing ten days after being served why the petition should not be granted.
4. Gherezgiher shall then have ten days from the date of the response to file a reply.
5. When the matter is fully briefed, the Court will determine whether to hold a hearing.

Dated this 26th day of February 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge